**J. R. DOWLEN, Appellant,**

v.

**W. M. KLAPPER and J. D. Groves, Appellees.**

No. 7391.

Court of Civil Appeals of Texas.

Amarillo.

June 15, 1964.

Rex E. Sullivan, Jr., Quanah, for appellant.

Charles L. Reynolds, Childress, for appellees.

DENTON, Chief Justice.

Appellees, W. M. Klapper and J. D. Groves, instituted this suit against J. R. Dowlen to declare the existence of a public road; to enjoin Dowlen from obstructing said road; and for a mandatory injunction to require him to remove a fence which · it is alleged he erected within the boundary line of said public road; and for damages. The case was tried before the court without a jury. The trial court found in the judgment that the evidence supported plaintiffs' allegations that a public road, as described, had existed since 1909; that the public road had been used by the public generally since its existence and had not been abandoned; and that defendant, his agents or employees have obstructed a portion of said road by constructing a fence within the boundary line of said road. The trial court then declared the public road, 30 feet in width, had existed since 1909 and still existed; and perpetually enjoined Dowlen from obstructing the road and required him to remove the fence from within the boundary of the roadway. No damages were awarded.

The strip of land involved here lay between a tract of land in possession of Dowlen, but owned by his· father, and two tracts of land owned by Klapper and Groves. These tracts had a common boundary line with the Dowlen property lying to the east and the Klapper and Groves land lying to the west of the common boundary line. Klapper's land joined that of Groves to the north. The strip was one-quarter mile in length. In 1909 the predecessors in title in all three tracts, together with 8 other freeholders of Cottle County, signed and presented a petition to that county's Commissioners Court for a second-class road. After describing the proposed road by metes and bounds, the court's order accepting the petition provided:

"It appearing to the Court that notice of said petition has been given, as re-

quired by law, it is therefore ordered by the Court, that this road was settled by agreement five freeholders of said County, be and are hereby appointed a Jury of View * * *."

The record is silent as to whether or not a Jury of View was actually appointed, and whether or not a report was made to the Commissioners Court. There is testimony the road was immediately thereafter established when fences on the three tracts. herein involved were set back 15 feet on each side of the boundary line. W. P. Wilson, one of the signers of the petition in 1909, testified at the trial, and testified. to the establishment of the road and the erection of the fences. Another elderly witness, who owned the Groves land in the early 1920's and who had lived in the area over 50 years, testified the strip was fenced on both sides and that the road was used. by the general public. The roadway was graded and maintained at infrequent and. irregular intervals by county employees. Except for an occasional reference to this. strip of land as a "lane" and testimony that the east line of the alleged strip was never fenced, prior to the time the fence was. erected by appellant in 1962, there is no direct denial the strip of land was used as a public road. Appellant takes the position there was some sort of roadway between the property, but that it was only 20 feet wide, and that such 20 foot strip did not extend onto the Dowlen land. Appellant admitted he had never attempted to prevent anyone from using the roadway. It is uncontradicted the roadway had been used to some extent for over 50 years, but some witnesses contended it had been used only by the occupants of the land in the immediate vicinity. It is apparent the roadway was in a rather isolated area and was never heavily travelled, but this fact will not alter the conclusions to be reached.

No findings of fact or conclusions of law were requested or filed. In the absence of such findings we must assume the trial court found every disputed

fact in support of its judgment, and the judgment must be affirmed if there is evidence to support it upon any reasonable theory authorized by law. Moore v. Ham, (Tex.Civ.App.), 342 S.W.2d 825. The question of whether or not the roadway was dedicated is one of fact to be decided by the trier of the facts. O'Conner v. Gragg, 161 Tex. 273, 339 S.W.2d 878; Patterson v. City of Bowie, (Tex.Civ.App.), 295 S.W.2d 676. The trial court found the strip of land in question was a dedicated public road. The record clearly supports this finding. Several witnesses testified the road had been openly and continuously used by the public for over 50 years. Appellant admitted he had never objected to anyone using the roadway even though at one time he had erected a 20 foot gate across the road for the purpose of preventing his cattle from straying. No contention is made this gate prevented any travel along the road. There is ample evidence to support the trial court's finding that the roadway was dedicated to a width of 30 feet.

Appellant further contends the petition and order of 1909 was void in that it did not show where the road terminates, and there was no record of the appointment of a Jury of View. Assuming, arguendo, that the order was void for the purposes of creating a statutory public road, it would manifest an intention on the part of these predecessors in title who signed the petition to dedicate the 15 feet of their land herein involved to public use. Under the applicable statute at the time, second-class roads were required to be a minimum of 30 feet in width. Art. 6873, Vernon's Civ.St. 1914. Justice Smith in Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957, stated the applicable rule:

"Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time. It is sufficient if the record shows unequivocal acts or declarations of the landowner, dedicating same to public use, and where others act on the faith of such dedication, the landowner will be estopped to deny the dedication, or to make any future use of the property inconsistent with any purpose for which the land was dedicated. Common-law dedications, such as the one here involved, are subdivided into two classes, express and implied."

When the subsequent opening of the road was accomplished by setting back the fences is considered along with the landowners presenting the petition for the establishment of the same road, we can reach only the conclusion the 30 foot road was properly dedicated. Brown v. Kelley, (Tex.Civ.App.), 212 S.W.2d 834; Greer v. Robertson, (Tex.Civ.App.), 297 S.W.2d 279, (Refused, NRE). It is sufficient that there be some clear, unequivocal act of dedication of the landowner evidencing an intention to set it apart for a public use and that others have acted in reference thereto and upon the faith of such intention. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477; Tribble v. Dallas Railway & Terminal Co., (Tex.Civ.App.), 13 S.W.2d 933, (Writ Refused); Dunn v. Deussen, (Tex.Civ.App.), 268 S.W.2d 266, (Refused, NRE). The trier of the facts may be entitled to infer the fact of an intention to dedicate from long continued use by the public and the apparent acquiescence of the owner. Dunn v. Deussen, supra.

A careful study of the record leads us to the conclusion the evidence amply supports the trial court's judgment that the road in question was a dedicated public road 30 feet in width. It follows the court's findings relative to appellant obstructing the roadway was supported by the evidence.

The judgment of the trial court is affirmed.

Affirmed.