ARANSAS COUNTY, Appellant,

v.

Alvin C. REIF, Jr., Appellee.

No. 1014.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 31, 1975.

Rehearing Denied Jan. 30, 1976.

David B. Connery, Jr., Rockport, for appellant.

Marshall Boykin, III, Wood, Boykin & Wolter, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a suit for a declaratory judgment and injunctive relief, which was filed by Alvin C. Reif, Jr. against Aransas County, Joe Conlin and South Coast Development Corporation. Plaintiff, among other allegations, alleged, in substance: that he is the owner of approximately 160 acres of land in Aransas County, Texas; that except for a portion thereof which borders the shore line of St. Charles Bay, the tract had been continuously enclosed by a good and sufficient fence for more than 20 years prior to the date that he filed suit; that within the fenced portion of the 160-acre tract is situated a parcel of land "sometimes shown on plats of Lamar Townsite as a portion of Eighth Street"; that the portion of the street which traversed his land "has never in fact been opened or used" as a street or public road; that any easement or right by the public to use that portion of his land shown as "Eighth Street" on the Lamar Townsite Plat was abandoned under the provisions of Article 6703a, Texas Revised Civil Statutes; that in September, 1973, the defendant Joe Conlin, claiming to act for himself and for South Coast Development Corporation, unlawfully entered the tract "and proceeded along that land within plaintiff's fences shown as 'Eighth Street' on the plat of Lamar Townsite"; and that all of the defendants, "Aransas County included", were "asserting" the right to use that portion of the property within his fences shown as "Eighth Street" on the plat of Lamar Townsite as a public road right of way.

All defendants filed general denials in answer to plaintiff's original petition. No affirmative defenses were pled by any defendant. In addition, the defendants Joe Conlin and South Coast Development Corporation filed cross-actions against Aransas County.

The case was tried before the court without a jury. At the close of evidence, the trial court rendered a judgment which declared that none of the defendants had a right to the use or possession of that portion of the street called "Eighth Street" on the map of Lamar Townsite situated on plaintiff's land; ordered that plaintiff recover $100.00 as damages from Joe Conlin; decreed that the cross-plaintiffs take nothing by their cross-action against Aransas County; and enjoined the defendants from entering upon plaintiff's land under claim of right to use "Eighth Street" as a street or right-of-way. Joe Conlin and South Coast Development Corporation did not appeal from the judgment. Aransas County has duly perfected an appeal to this Court, and will be referred to as "the County". Alvin C. Reif, Jr. will be referred to as "plaintiff".

The trial court made and filed findings of fact and conclusions of law. Included therein are findings that plaintiff and his predecessors in title have been in continuous possession of the 160 acre tract for more than 34 years, and during that time had all of the land here involved under fence; that the tract is shown as part of the acreage platted as part of the "Lamar Townsite"; that on the maps of Lamar Townsite is an area designated as "Eighth Street", the eastern portion of which is within those lands continuously under the fence of plaintiff; that the portion of "Eighth Street" under such fence had never been used as a street prior to entry thereon by Joe Conlin; that none of the maps contain "words" purporting to dedicate any streets to public use; and that if said "streets" were dedicated, the use of that portion of "Eighth Street" lying within plaintiff's fences was so infrequent as to be abandoned under "Article 6703a, R.C.S. of Texas". The trial court concluded that the portions of "Eighth Street" here involved had never been dedicated as a public road or right-of-way, or acquired by the public for such use; that even if dedicated or acquired by the public for public use, any easement or right "which Aransas County, or the public, had to use that portion of 'Eighth Street' enclosed by plaintiff's fences terminated by reason of the continuous enclosure thereof by plaintiff for more than 20 years"; and that plaintiff is entitled to declaratory relief that none of the defendants "have the right to use and possession of that street or right-of-way called 'Eighth Street' insofar as same is situated within plaintiff's fences".

The County contends, in its first and second points, that the trial court erred in finding that there had been no dedication of the portion of "Eighth Street" lying within plaintiff's enclosure as a public road, and in holding that neither it nor the public had any right to use that portion of Eighth Street for public road purposes.

In evidence is a plat of plaintiff's land made in March, 1958, by James A. Jarboe, County Surveyor of Aransas County, and a map of the Lamar Townsite, prepared by Jarboe in April, 1960, which shows on its face that it was "prepared from records in county surveyor's office based on maps copied from original Jones Map". The plat and the map each show a strip of land, designated "Eighth Street", part of which extends across plaintiff's land.

Plaintiff's immediate predecessor in title, Alvin Reif and wife, Teresa Reif, acquired the 160 acre tract by deed in 1936. The land was devised to plaintiff by Teresa Reif in 1970, when her will was admitted to probate. The tract has been under fence continuously since 1939. All of the Lamar Townsite maps show that "Eighth Street" begins at a point several thousand feet west of the west boundary of plaintiff's 160 acre tract and extends east to St. Charles Bay. That portion of "Eighth Street" to the west

of plaintiff's land has been used by the public for many years as a public roadway, but that portion thereof which traverses plaintiff's land has never been used by the public for any purpose, roadway or otherwise.

There is no evidence that any attempt was made to open that part of "Eighth Street" lying within plaintiff's fenced enclosure until about September 27, 1973. On August 13, 1973, Joe Conlin appeared before the Commissioners' Court of Aransas County for the purpose of opening that portion of "Eighth Street" situated on plaintiff's land. He offered to clear the strip free of charge in order to allow Municipal Utility District # 1, created by Conlin, to serve the Goose Island Lake Subdivision (which he was developing) with a pipeline to St. Charles Bay to dump the treated effluent of Municipal Water District # 1 into the Bay. On September 10, 1973, the Commissioners' Court gave Conlin permission to open that part of "Eighth Street" lying east of plaintiff's fence. On or about September 27, 1973, Conlin cut plaintiff's west fence, and commenced the clearing of a 30′ strip across the land. This suit was filed shortly thereafter.

■ It is well settled that irrespective of how the dedication is made, in order to constitute a valid dedication, it is essential that the owner of the land should intend to devote the land in question to the use and benefit of the public, which intention must be clearly manifested. *Owens v. Hockett,* 151 Tex. 503, 251 S.W.2d 957 (1952). A dedication of private property to a public use is never presumed, but must be established by a declaration or act which evinces a clear and unequivocal intention on the part of the owner to presently set aside and appropriate a certain part of his land for use by the public. *Lovett v. County of Harris,* 462 S.W.2d 405 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.); *City of Dallas v. Leake,* 300 S.W.2d 135 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.); *City of Houston v. Cyrus W. Scott Mfg. Co.,* 45 S.W.2d 270 (Tex.Civ.App.—El Paso

1931, writ ref'd). The intent to dedicate land to a public use need not be evidenced by a formal dedication on a map or plat, but it can arise by implication by the showing of some clear and unequivocal act by the owner from which the law would imply such intent. *Cockrell v. City of Dallas,* 111 S.W. 977 (Tex.Civ.App.1908, no writ); *City of San Antonio v. Sullivan,* 23 Tex.Civ.App. 619, 57 S.W. 42 (1900, writ ref'd). The question of whether or not a roadway has been dedicated to use by the public is one of fact to be decided by the trier of facts. *O'Connor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878 (1960); *Dowlen v. Klapper,* 381 S.W.2d 123 (Tex.Civ.App.—Amarillo 1964, no writ).

■ The recording of a map or plat which shows streets or roadways thereon, without more, does not constitute a dedication, as a matter of law, of such streets as public roadways. *County of Calhoun v. Wilson,* 425 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.).

■ Where the plat or map simply uses the word "street" thereon, and there is no express dedicatory language on the face of the map or plat that such streets are to be devoted to public use, a person who claims that a street shown thereon has been dedicated to use by the public must show some act by the owner of the land that he clearly intended to so dedicate the land in question, and that there has been an acceptance thereof by the public, or by the local authorities. *Commissioners' Court v. Frank Jester Development Co.,* 199 S.W.2d 1004 (Tex.Civ.App.—Dallas 1947, writ ref'd n. r. e.); *Fort Worth & D. S. P. Ry. Co. v. Judd,* 4 S.W.2d 1032 (Tex.Civ.App.—Amarillo 1928, writ dism'd).

In *City of Corpus Christi v. McCarver,* 289 S.W.2d 420 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.), only the plat was offered into evidence. There was no dedicatory language on the plat, no showing of who made the plat, who recorded it, who owned the land at the time the plat was

made, or that the owner intended to dedicate the land in question to the public. The court held that since neither intent to dedicate nor acceptance or use by the public was shown after the plat was recorded, there had been no dedication.

■ The County argues that the recognition by plaintiff in his pleadings of the *existence* of the streets shown on the Lamar Townsite Maps "supplies any deficiency in dedicatory language", and that such recognition dispensed with the necessity of showing specific dedicatory language on the plat in order for there to have been a dedication of the land in question as a public street. We do not agree. The County further argues that the evidence makes it abundantly clear that the fact that "Eighth Street", excepting only that portion within plaintiff's fences, has been in use as a public street, makes clear "the intention and effect of the plat", and that "acceptance and use of a part of Eighth Street equals acceptance of the whole, and the public entity, not being bound by any time limit within which to open and use the right of way, may do so when its needs so dictate". It relies on *City of Corsicana v. Zorn*, 97 Tex. 317, 78 S.W. 924 (1904); *City of Dallas v. Gibbs*, 27 Tex.Civ.App. 275, 65 S.W. 81 (1901, writ ref'd); *Watland v. City of Wichita Falls*, 286 S.W. 763 (Tex.Civ.App.— Amarillo 1926, no writ); and *Joseph v. City of Austin*, 101 S.W.2d 381 (Tex.Civ.App.— Austin 1936, writ ref'd). Those cases are distinguishable from the instant case. In each of the cases cited by the County it was conclusively proved that there had been a prior dedication by the owner of the land of the property in question. In this appeal, there is no evidence that the owner of the land, at the time the original map of the Lamar Townsite was filed, dedicated the streets shown on the map to use by the public.

We find no language on the maps of Lamar Townsite, in evidence, which dedicates the streets shown on the maps to the public for public use; nor do we find anything in the record that evinces an intention on the part of the landowner at the time the Lamar Subdivision was made to dedicate the streets as public roads. The County's first and second points are overruled.

■ The County, in its remaining points of error, complains that the trial court erred: in finding that the use of that portion of Eighth Street "was so infrequent as to be abandoned under Article 6703a" (third point); in holding "that there had been a statutory abandonment of the street in question under Article 6703a" (fourth point); and, "there having been no abandonment under Article 6703a, plaintiff was not entitled to any declaratory or injunctive relief against this defendant". The points cannot be sustained under the record before us. Even if the facts were that there had been such a dedication. Tex.Civ.Stat.Ann. Art. 6703a (1955) expressly operates to cut off the rights of the public after twenty years of non-use by the public. *Ives v. Karnes*, 452 S.W.2d 737 (Tex.Civ.App.—Corpus Christi 1970, no writ). Here, it is undisputed that plaintiff and his immediate predecessors in title enclosed by fence that portion of "Eighth Street" involved in this appeal more than 20 years prior to the date that Joe Conlin entered thereon. The portion of "Eighth Street" in question does not connect with any cemetery, and is not required to provide access roads reasonably necessary to reach adjoining land. Under the facts in evidence, the rights of the public, if any, to that portion of the street in question, were cut off. The County's third, fourth and fifth points are overruled.

The judgment of the trial court is affirmed.