Billy **MITCHELL**, et al., Appellants,

v.

**RANCHO VIEJO, INC.**, and Ted M. Trapp, Appellees.

No. 13–86–222–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1987.

Rehearing Denied Aug. 28, 1987.

Joel William Ellis, Harlingen, for appellants.

Ted Compagnolo, Dennis Sanchez, Brownsville, for appellees.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This action was brought by owners of lots in a subdivision for a declaratory judgment setting forth their rights vis-a-vis Ranch Viejo, Inc., the owner of certain large areas within the subdivision. The plaintiffs were certified as a class and were thus enabled to represent all lot owners within the subdivision. The case was tried without aid of a jury and no findings of fact were made or requested.

The defendants, appellees here, are Rancho Viejo, Inc., and Ted M. Trapp, who is the primary shareholder in Rancho Viejo, Inc.

Briefly, the evidence reveals that Rancho Viejo subdivision was established as an exclusive subdivision located around golf courses and a country club. The original developer, Valley International Properties, Inc. (V.I.P.), the common source of title to all parties, prepared and filed for record certain covenants and restrictions and two plats showing numbered lots and blocks as well as two golf courses meandering through the subdivision along with certain other areas not platted into lots.

In November, 1977, V.I.P. filed for protection under the Bankruptcy Act, while owning property in Rancho Viejo, including unsold lots and ten other tracts of land. These ten tracts included the golf courses, a convention center, club house, driving range, chipping green, and parking areas, among others. A secured creditor foreclosed on the ten tracts owned by V.I.P., and sold them to the appellee, Rancho Viejo, Inc.

Appellants, owners of residential lots in the development, brought this action in 1983 for damages and for declaratory judgment. After certification as a class, service, and discovery, trial was had before the court without a jury. The pleading upon which appellants went to trial was their Fifth Amended Original Petition consisting of twenty-five pages. Within their Fifth Amended Original Petition, appel-

lants alleged that when they bought their lots they relied on representations of V.I.P., that the subdivision was a "first class expensive residential area," and relied on the covenants and restrictions of record; that they bought with their lots a membership in the country club that was noncancelable but subject to the payment of dues; that they purchased their properties in reliance on the continued existence of the golf courses and in the prohibition of the use of any portion of the golf courses as sites for construction of dwellings or commercial enterprises; that the collection of assessments by the appellees constitutes a fraud; that the appellee Trapp commingled funds for maintenance of streets—so called "trust funds"—with the general income of Rancho Viejo, Inc.; and that Mr. Trapp never made an accounting to the property owners. Appellants also made a number of other grievances against Mr. Trapp, who allegedly owns 80% of the stock of the Rancho Viejo, Inc., which they allege is his alter ego.

Within the twenty-five pages of essentially factual pleadings and without stating legal theories, the appellants requested the following relief:

## REAL PROPERTY OWNERS

1. To define by metes and bounds and to delineate upon a map the "common areas" located in the Rancho Viejo Subdivision.
2. Define the rights of real property owners in and the restrictions as to the use of said "common areas."
3. To determine whether any additional building sites can be carved out of either "common areas" or either of the two 18–hole golf courses.
4. To determine whether or not hotels or commercial business establishments and/or buildings can be constructed in said subdivision and if so to define the areas to where such building is limited.
5. To declare that said Defendants are not "developers", and never have been, under the recorded Covenants and Restrictions.

6. To legally declare that all real property owners are, have been, and will continue to be and own a fully paid up non-cancellable membership in the Rancho Country Club.
7. To determine and define their rights and responsibilities in and to the Country Club at Rancho Viejo.
8. To determine and declare that the Defendants can not obtain nor impress a lien upon real property of the Plaintiffs for Country Club dues or charges.
9. Order and decree that persons entitled to a membership in the Country Club may pay their monthly dues in to the registry of this Court until all of their membership rights have been finally determined.
10. Have a Judgment against the Defendants in the sum of $1,500,000.00 as re-payment of all monies collected by said Defendants in the past from said property owners for mowing, maintenance of common areas, street maintenance, and security together with interest thereon at the rate of 9% from the date of such collection until repaid.

## COUNTRY CLUB MEMBERS

1. To declare the rights of Country Club Members in establishing rights, rules and regulations of the Club and the assessment of monthly dues.
2. To determine whether or not the present dues structure discriminates between property owners and non-property owners, residents and non-residents, in the use of the Club facilities by guest of members whether those guests are members and/or live in the subdivision or not.
3. To decree the rights of Country Club members in determining a promulgating of rights, rules and regulations of the Country Club its business enterprises and their operation.

The plaintiffs also prayed that they be awarded attorney's fees.

Rancho Viejo, Inc., counter-sued the plaintiffs for amounts that had been expended by the corporation for the repair and maintenance of the streets and alleys of the subdivision, expenses incurred for the maintenance of vacant lots, providing security, garbage pickup, brush removal, and yard care within the subdivision.

At the conclusion of the trial, the court entered a judgment that denied all parties damages against the other and set forth declarations as to the rights and obligations of the parties in the subdivision. Insofar as relevant to this appeal, the trial court held that the ten tracts owned by Rancho Viejo, Inc., including the golf courses, convention center, parking area, and club house, among others, "are adjacent to and meander through the Subdivision, but are neither within the Subdivision, nor subject to the dedications shown on the recorded plats of the subdivision, nor subject to the Covenants and Restrictions of the Subdivision...." The court also held that:

Rancho Viejo Inc. holds title in fee-simple to the tracts subject to the rights of Club members under the rules and regulations duly promulgated by the elected officer of the Club, but not subject to any right or interest of the Class by virtue of ownership or prior ownership of a lot or lots in the Subdivision.

The Tracts lie within the boundaries of the Town of Rancho Viejo; and, any development, subdivision or utilization of the Tracts are subject to all relevant valid ordinances and actions of the Township.

The tracts do not constitute and are not 'common areas,' 'green areas,' nor 'golf course,' referred to in the Restrictions or so designated on the plats of the Subdivision.

The Restrictions constitute valid restrictions upon all lots in the Subdivision shown by lot and block on the plats of the Subdivision.

The ownership of a lot or lots in the Subdivision neither confers a right to, or creates an obligation of, membership in the Club.

Appellants bring three points of error.

In their first point of error, appellants maintain the "trial court erred in holding that the golf courses and other pieces of property owned by Appellees are not within or a part of the Rancho Viejo Subdivision; therefore, not subject to the dedications shown on the recorded maps of said Subdivisions nor subject to the recorded Covenants and Restrictions of the Subdivision."

As a preliminary matter we note that the holding of the trial court that the tracts owned by appellee Rancho Viejo, Inc., are not subject to the dedications shown on the recorded maps, nor subject to the recorded covenants and restriction is a conclusion of law. As no findings of fact were entered nor requested, we must presume that the trial court found all facts necessary to support his legal conclusion, and if the judgment can be upheld upon any theory having support in the record, the appellate court must do so. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). All disputed questions of fact must be resolved in support of the trial court's judgment. *Id.*; *Greenway Parks Home Owners Association v. City of Dallas*, 159 Tex. 46, 312 S.W.2d 235 (1958).

This action was brought by appellants for a declaratory judgment and for damages. "The burden of proof is on the party who, on the pleadings, asserts the affirmative claim, and who in the absence of evidence will be defeated, and is not controlled by the position of the parties on the docket as plaintiff or defendant in the declaratory action." I.R. McDonald, *Texas Civil Practice* § 2.06 (Rev.1981); *Lede v. Aycock*, 630 S.W.2d 669, 673 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.)

■ As the appellants sought a declaration that appellees were inhibited in the use of land owned by the appellees by virtue of dedications, restrictive covenants, or some other restrictions, the burden of proof was on appellants to show that such a restriction existed. "In Texas the law is well settled to the effect that in order to claim or enforce a restrictive covenant on anoth-

er's land, it is necessary for the party claiming the restriction to show its existence and further that it was for the benefit of his land." *McCart v. Cain*, 416 S.W.2d 463, 465 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.) (*citing Davis v. Skipper*, 125 Tex. 364, 83 S.W.2d 318 (1935) and other cases).

Although it is difficult to ascertain precisely what appellants' complaint is here, they appear to argue that they have established *as a matter of law* rights in ten tracts of land owned by appellee Rancho Viejo, Inc., by virtue of dedications, restrictions, or covenants contrary to the holding of the trial court.

The record is voluminous, consisting of an eight-volume statement of facts and two transcripts. However, appellants rely on three documents to show that the property is impressed with dedications, restrictions, or covenants: two plats of different portions of the subdivision that were platted at separate times, and a document partially entitled "Correction to Amendment to Covenants and Restrictions." No claim is being made that a restrictive covenant was created in the deeds to appellants, nor is estoppel or implied easement raised.

■ The two plats of the subdivision contain a certificate of dedication which provides that the owners "do hereby confirm and adopt this plat, and hereby dedicates all streets, easements, alley, and parks for the use and benefit of the Owners and Residents of said Subdivision ... their guests and envitees [sic], but not the public generally." We cannot say as a matter of law the ten tracts that are the subject of this litigation constitute "streets, easements, alley and parks." The tracts are not indicated and identified on the plats as streets, easements, alleys, or parks. Appellants, in order to prevail, maintain that they have established a dedication, restriction, or covenant as a matter of law. As no findings of fact were filed nor requested, all disputed facts are presumed to have been found in support of the judgment; i.e., contrary to the appellants' position. *Lassiter v. Bliss*, 559 S.W.2d at 358.

## DEDICATION

■ A dedication is a gift of land to the public; the intent of the one giving the dedication must be clear and unambiguous; no intent to dedicate will be presumed. *Aransas County v. Reif*, 532 S.W.2d 131, 134 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The evidence relied on by appellants in support of their claim of dedication is the plats showing the subdivision. A paragraph of dedication is on the plat, wherein the developer dedicates streets, alleys, parks, and easements. Appellants argue that the inclusion of the golf courses on the plats infers their dedication, although nothing is mentioned in the paragraph of dedication about golf courses. The plaintiffs/appellants had the burden of proof to show that the developer intended to dedicate the golf courses to the public or to residents of the subdivision. *Id.* We must presume that the trial judge failed to find such an intention of dedication. The appellants have not shown that such a dedication exists as a matter of law.

## RESTRICTIONS AND COVENANTS

The burden is on appellants to show that the judgment of the trial court is erroneous. *Jackson v. U.S. Fidelity and Guaranty Co.*, 689 S.W.2d 408 (Tex.1985). Appellants assert that appellees were prohibited by the restrictions and covenants from building on or changing the golf courses, but have failed to bring to our attention any such prohibition in the restrictions and covenants. In fact, the "Correction to Amendment to Covenants and Restrictions," upon which appellants rely, contains a paragraph specifically permitting changes and relocation of the golf courses. It provides:

3. In connection with the maintenance, revision or improvement of the golf courses contained within the premises, so long as there is no conflict with any deeded or platted lots within any of the sections filed for record herewith, Developer retains the right to improve, relocate and repair, any of the tees, fairways and greens for such golf course, and to change the location or add to the

cart paths contained as an integral part of the course. Developer retains an easement over or across any lots which do not conflict with permanent improvements erected or to be erected for the maintenance and repair of such course, including its sprinkler systems and drainage.

Appellants have not shown that such a restriction or covenant prohibiting building on or changing the golf courses exists as a matter of law.

Appellants have devoted a great deal of argument contesting the conclusion of the trial court that the golf courses and other tracts are not within the subdivision, arguing that the tracts, particularly the golf courses, are shown on the subdivision plats, and are included in the gross acreage serving as a description of the subdivision and other evidence. We hold that such a factual determination by the trial court is erroneous; however, finding that the golf courses and other contested tracts are within the subdivision does not further the cause of the appellants, in that there is no basis to conclude that, because the tracts are within the subdivision, they are therefore subject to certain covenants and restrictions. Appellants have wholly failed to sustain their burden of proof that the tracts owned by Rancho Viejo, Inc., are impressed with any dedication or restrictive covenant as a matter of law. Appellants' first point of error is overruled.

By their second point of error, appellants allege that the trial court erred in failing to award them $60,000.00. Appellants maintain that appellee Ted M. Trapp, individually, sold a bulldozer and a maintainer for $30,000.00 each to appellee Rancho Viejo, Inc., and paid for them out of money collected from appellants, which was to be used for maintaining streets. Appellants state that they were never reimbursed for those purchases, never gave their consent for them, and the pieces of equipment are still owned and used by appellee Rancho Viejo, Inc., though the City took over street maintenance several years ago. Appellants point out that Trapp was collecting the maintenance fees as a trustee and, therefore, should not be permitted to use his position to obtain for himself any advantage or profit inconsistent with his duty as trustee.

The accountant for Rancho Viejo testified that the two pieces of equipment were sold for their fair market value. Additionally, he stated that Ted Trapp had never received any money for the sale due to a shortage of funds. He testified that there were always more expenses than funds which is why the maintenance fees were not kept in a separate account.

■■■ The Court of Appeals has a duty to render such judgment as the trial court should have rendered in a declaratory judgment action. *NRG Exploration, Inc. v. Rauch*, 671 S.W.2d 649 (Tex.App.—Austin 1984, writ ref'd n.r.e.). But, the Court may only render a declaratory judgment in cases where the material facts are established beyond dispute. *Donald v. Carr*, 407 S.W.2d 288 (Tex.Civ.App.—Dallas 1966, no writ). In the instant case, the question of whether Trapp personally profited from use or abuse of his position as trustee has not been established beyond dispute. Because the evidence is disputed, we cannot say that the trial court erred in failing to award appellants $60,000.00. Appellants' second point of error is overruled.

■■■ By their third point of error, appellants contend that the trial court erred in failing to hold that Rancho Viejo, Inc., is the alter ego of Ted M. Trapp. This contention is without merit. In order to disregard the corporate fiction and impose individual liability under the alter ego doctrine, appellants must prove that Ted Trapp was using Rancho Viejo to perpetrate a fraud, avoid the effect of a statute, evade an existing obligation, protect crimes, achieve or perpetrate a monopoly, or justify a wrong. *S.I. Property Owners' Association v. Pabst Corp.*, 714 S.W.2d 358, 362 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Further, the corporate entity will not be disregarded absent proof that "the separateness of the corporation has ceased and adherence to the corporate fiction would sanction a fraud or foster an injus-

tice." *Id; see Gentry v. Credit Plan Corp.*, 528 S.W.2d 571 (Tex.1975).

■ Appellants stress the fact that Ted Trapp owns 80% of the stock of Rancho Viejo, Inc., as evidence of alter ego. There are eleven other stockholders who hold equal shares in the remaining 20%. However, the fact that a single individual owns a majority, or even all, of the stock in a corporation does not by itself constitute the corporation the alter ego of the individual. *S.I. Property Owners' Association v. Pabst Corp.*, 714 S.W.2d at 362.

■ In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960). There was no evidence to show that the corporation was used by Ted Trapp to perpetrate a fraud, avoid the effect of a statute, evade an existing obligation, protect a crime, achieve or perpetrate a monopoly, or justify a wrong. Nor was there evidence to show that the separateness of the corporation had ceased or that adherence to the corporate fiction would sanction a fraud or foster an injustice. Therefore, the trial court did not err in failing to find that Rancho Viejo, Inc., was the alter ego of Ted M. Trapp. Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.