**Ouida MOORE et al., Appellants,**

v.

**ENERGY STATES, INC. d/b/a E.S.I. et al, Appellees.**

**No. 11–00–00174–CV.**

Court of Appeals of Texas, Eastland.

Feb. 14, 2002.

R. Temple Dickson, Moore, Dickson, Maxwell & Baker, Sweetwater, for appellants.

Robert D. Batjer, Batjer & Wagstaff, Abilene, Thomas L. Rees, Jr., Rees & Rees, Peter F. Sheridan, Griggs & Sheridan, Sweetwater, Stephen H. Suttle, McMahon, Surovik, Suttle, Buhrmann, Hicks & Gill, Abilene, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J.

Opinion

W.G. ARNOT, III, Chief Justice.

Ouida Moore and the other appellants/plaintiffs [1] brought suit to obtain possession of and title to real property and also to recover damages related to the drainage of oil from that property. The defendants moved for summary judgment on the following grounds: (1) the plaintiffs' predecessors in interest had no title to the disputed property and (2) alternatively, any title held by the plaintiffs' predecessors was transferred to the defendants' predecessor in interest as a matter of law under the appurtenances doctrine, the strip-and-gore doctrine, or the doctrine of estoppel by deed. The trial court found that the defendants were entitled to judgment as a matter of law on each of these grounds and entered summary judgment in favor of the defendants.[2] We affirm.

1. The plaintiffs are Ouida Moore, Roberta Starkey, Marion Hall, David Joe Starkey, Bill Clarence Starkey, and Marilyn Elaine Starkey.

2. The defendants are Energy States, Inc. d/b/a E.S.I.; Texzona Corporation; James Robert Hill; Virginia Glenn Hill Lattimore; James Robert Hill and Virginia Glenn Hill Latti-

■ In two issues on appeal, the plaintiffs assert that the granting of summary judgment was erroneous. We will apply the well-recognized standard of review for traditional summary judgments. We must consider the summary judgment evidence in the light most favorable to the non-movants, indulging all reasonable inferences in their favor, and determine whether the movants proved that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979). In order to be entitled to summary judgment, a defendant must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

The property in question in this case is a narrow strip of land containing between 10 and 25 acres along, under, and between a railroad right-of-way and a pubic road in Lots Nos. 10 and 11 of the Herndon Pasture Subdivision in Nolan County.[3] The plaintiffs claim ownership of the disputed property as the heirs of C.B. and Fannie Johnston. The Johnstons owned real property in Nolan County and sold it in 1945 to the defendants' predecessor in in-

terest, Lance Sears. The plaintiffs assert that the disputed strip of land was excepted from the deed and retained by the Johnstons. The deed from the Johnstons to Sears indicates that Sears purchased 580.7 acres of land "out of" 3 contiguous tracts: 210.9 acres out of the middle third of the H.J. Stockman Survey No. 291, 184.4 acres out of Lot No. 10 of the Herndon Subdivision, and 185.4 acres out of Lot No. 11 of the Herndon Subdivision. The deed recites that the entire tract lies "South of the T. & P. Ry. Co. right of way and South of the Public road which lies immediately south of said T. & P. Ry. Co. right of way." The metes and bounds description in this deed indicates that the northern boundary of the property is the southern boundary line of the public road. The deed also grants to Sears all "rights and appurtenances thereto."

The summary judgment evidence shows that, although the Johnstons did not expressly reserve any land in the deed, they "continued to claim title and assert dominion over the land" lying north of the southern boundary line of the public road. The record also shows that the Johnstons and their heirs have paid taxes through the years on 3 acres of property located in Lot No. 10 and 7 acres of property located in Lot No. 11. The plaintiffs' summary judg-

more, trustees of the Houston and Emma Hill Trust Estate; Bill M. Scales; C.C.B. Production, Inc.; Don Winn; the Estate of M.L. Richards, deceased; B.W.G. Production, Inc.; William R. Robinson; John W. Berry; the Estate of Tom Berry; Michael D. Winn; Elizabeth H. Winn; David G. Holley; James Walker; William Carl Pfluger and Addison Lee Pfluger, individually and as executors of the Estate of Carl R. Pfluger, deceased; Vivian Sears Streater; Mollie Sears Bye; Billy Sears Barlow; Margaret Sears Brown; Margie Sears Wells; Dan Turner Laughter, III; Judy Laughter Nalda; First National Bank of Abilene, trustee of the Arthur Paul Hodge Trust; First National Bank of Abilene, trustee

of the Richard Hunt Hodge Trust; Frances May Sears; First National Bank of Sweetwater, trustee of the Suzanne Sears Easterling Trust; First National Bank of Sweetwater, trustee of the Sandra Sears Lockridge Trust; First National Bank of Sweetwater, trustee of the Sandra Lowenfield Trust; Woodsfield Exploration, Inc.; Abilene Leasing Company; and H.E. Graham.

3. The defendants dispute that any land exists between the railroad right-of-way and the public road; however, for purposes of summary judgment only, they have assumed that such land exists.

ment evidence includes an affidavit made by surveyor Stanley Morris. Morris conducted a survey and determined that a parcel of land exists that was not conveyed in the deed from Johnston to Sears. According to Morris, this parcel of land is north of the south boundary line of the public road and includes land that is subject to the public road right-of-way or the railroad right-of-way and land that is between the two rights-of-way and subject to neither easement.

The summary judgment evidence also contains the deeds wherein the Johnstons obtained these three tracts of land. The deeds reflect that the Johnstons purchased 238.4 acres out of the middle third of the H.J. Stockman Survey No. 291. The documents show that the Johnstons purchased Lot No. 10 and Lot No. 11, containing 191 and 190 acres respectively. The plat for these three tracts indicates acreage of 206 acres for the middle third, 191 acres for Lot No. 10, and 190 acres for Lot No. 11. The plat does not display the public road, and it reflects that the northern boundary of these tracts adjoins the railroad right-of-way.

 Under the strip-and-gore doctrine, unless the grantor explicitly reserves with plain and specific language in the deed a fee in a narrow strip of land adjoining the conveyed land, it is presumed that a grantor has no intention of reserving a fee in a narrow, adjoining strip of land when the strip ceases to be of use by virtue of the conveyance. *Cantley v. Gulf Production Co.*, 135 Tex. 339, 143 S.W.2d 912 (1940); *Cox v. Campbell*, 135 Tex. 428, 143 S.W.2d 361 (1940). According to well-established law in Texas, when a deed conveys land abutting a street, public highway, or railroad right-of-way, title to the center of the street, public highway, or railroad right-of-way also passes by the deed. State v. Fuller, 407 S.W.2d 215 (Tex.1966); *Cox v. Campbell*, 135 Tex. 428,

143 S.W.2d 361 (1940); *Rio Bravo Oil Co. v. Weed*, 121 Tex. 427, 50 S.W.2d 1080 (1932), *cert. den'd*, 288 U.S. 603, 53 S.Ct. 387, 77 L.Ed. 978 (1933); *Reagan v. Marathon Oil Company*, 50 S.W.3d 70 (Tex. App.-Waco 2001, no pet'n). This general rule applies even if the description of the land in the deed or field notes terminates at the street, public highway, or railroad right-of-way, unless a contrary intention is expressed in plain and unequivocal terms.

Following such policy, the supreme court has also applied the strip-and-gore doctrine to a strip of land not used for highway or railroad purposes. In *Cantley*, the deed described the land being conveyed by using an adjoining narrow strip as a boundary. The court held that a fee in the narrow strip was not explicitly reserved; that the strip was no longer of use to the grantor; and that, therefore, the narrow adjoining strip was conveyed.

Many years ago, our supreme court defined estoppel by deed as follows:

"[A] man may bind himself irrevocably by putting his seal to a grant or covenant, and will not be allowed to disprove or contradict any declaration or averment contained in the instrument, and essential to its purpose. A recital or allegation in a deed or bond which is certain in its terms, and relevant to the matter in hand, will therefore be conclusive between the parties in any controversy growing out of the instrument itself, or the transaction in which it was executed." Duchess of Kingston's Case, 2 Smith, Lead. Cas. (8th Amer. Ed.) note, p. 819, and cases cited. The doctrine of an estoppel by deed is ... founded upon the theory that the parties have contracted upon the basis of the recited facts.

*Williams v. Hardie*, 85 Tex. 499, 22 S.W. 399, 401 (1893); see also *Adams v. Duncan*, 147 Tex. 332, 215 S.W.2d 599, 603 (1948); *Greene v. White*, 137 Tex. 361, 153

S.W.2d 575, 583–86 (1941). In the present case, the deed conveying the land from the Johnstons to Sears stated that the public road "lies immediately south" of the railroad right-of-way. Thus, the Johnstons and their successors in interest are estopped from denying that the public road lies immediately south of the railroad right-of-way and from claiming title to land between the public road and railroad right-of-way.

We hold that the trial court properly granted summary judgment in favor of the defendants. The Johnstons conveyed title to any and all appurtenances, which would include the public road and railroad rights-of-way. The deed to Sears indicates that the public road "lies immediately south" of the railroad right-of-way. Consequently, the plaintiffs are estopped from claiming that a parcel of undeeded land exists between the two rights-of-way. The land that may lie between the two rights-of-way was not expressly reserved in the deed to Sears and is, consequently, covered by the strip-and-gore doctrine. The issues on appeal are overruled.

The judgment of the trial court is affirmed.