In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00199-CV**
_____

**J. STANLEY PRICE, Appellant**

**V.**

**DANIEL B. LEGER, MARGARET LEGER, AND DAN BARTON LEGER,
Appellees**

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-202,287**

**MEMORANDUM OPINION**

Appellant J. Stanley Price appeals the trial court's order granting summary judgment in favor of Daniel B. Leger, Margaret Leger, and Dan Barton Leger (collectively "Defendants"). In two issues on appeal, Price argues: (1) the trial court erred in granting Defendants' traditional and no-evidence motions for summary judgment because Price's summary judgment evidence established a genuine issue

1

of material fact as to the existence of the right of way ("ROW") and as to at least one element of each of Defendants' affirmative defenses; and (2) the trial court erred in denying Price's motion for partial summary judgment because Price's summary judgment evidence conclusively established, as a matter of law, that the ROW was established as a public road by a common law dedication. We affirm the trial court's judgment.

## Background

Price sued Defendants for declaratory relief, asserting that the sixty-foot wide ROW at issue, which divides his property from Defendants' properties, is a dedicated public road governed solely by the authority of the Jefferson County Commissioners Court. Price alleged that the ROW is the primary access to his property, and that Defendants failed to present any evidence supporting their contention that Jefferson County, Texas, closed or abandoned the ROW. Price sought a declaration affirming that the ROW has not been abandoned and remains a dedicated public road and that Defendants' encroachment and assertion of ownership of the ROW are unlawful. Price also sought monetary damages due to Defendants' alleged actions disrupting and impeding the ROW.

Defendants filed general denials, asserted affirmative defenses, including the abandonment of the alleged ROW, and filed counterclaims for declaratory judgment

2

seeking a declaration that the alleged ROW is not a public road. Price filed a traditional and no-evidence motion for partial summary judgment. In his traditional motion, Price argued that he was entitled to summary judgment because he established, as a matter of law, that the ROW is valid and continuous and was never abandoned by Jefferson County. Price also argued that he was entitled to a no-evidence summary judgment because after an adequate time for discovery had passed, Defendants failed to present any evidence supporting an essential element of their counterclaims. According to Price, Defendants cannot prevail on their counterclaims because they failed to provide evidence showing that Jefferson County abandoned the ROW.

Defendants filed responses to Price's hybrid motion for summary judgment and counter motions for summary judgment. Defendants argued that Price failed to present evidence establishing that the Commissioners Court declared the ROW for use as a public road and reserved its use for Jefferson County, Texas. Defendants argued that Price's allegation that the alleged ROW is the primary access to his property is false. Defendants also argued that because Price failed to establish, as a matter of law, that the Commissioners Court declared the ROW as a public road, Price's allegation that he established that the Commissioners Court never abandoned the alleged ROW is without merit. According to Defendants, the alleged ROW was

3

never developed as a road. Defendants maintained that Price's no-evidence motion should be denied because they presented summary judgment evidence proving either (1) that the alleged ROW was never declared a public road, or (2) to the extent that the alleged ROW was ever a road, it was abandoned and never reestablished by the Commissioners Court. Defendants further argued that Price's claims should be dismissed on statute of limitations grounds and because Price lacks standing.

Price filed a motion to strike Defendants' summary judgment evidence. Price also filed responses to Defendants' traditional and no-evidence motions for summary judgment. In his responses, Price argued that he conclusively established, as a matter of law, that the ROW is dedicated for use as a public road because the Nashland Plat, which is recorded in the Jefferson County real property records, is evidence that the ROW was dedicated and established as a public road by a common law dedication prior to the adoption of statutory procedures. According to Price, Defendants failed to offer any evidence supporting their contention that the ROW was abandoned. Price disputed Defendants' argument that he lacks standing, arguing that he provided competent summary judgment evidence showing that his property interest will suffer if the ROW is declared abandoned because it is the primary entrance to his property for business and public use.

4

The trial court overruled Price's motion to strike Defendants' summary judgment evidence and denied Price's first amended traditional and no-evidence motion for partial summary judgment. The trial court granted Defendants' no evidence and traditional motions for summary judgment in their entirety, finding that "[t]he disputed strip of land identified in and at issue in this case as it crosses Defendants' property is not a public right of way." Price filed a motion for reconsideration, and in response, Defendants filed a supplemental traditional and no-evidence motion for summary judgment, in which Defendants argued they were entitled to summary judgment and Daniel and Dan argued they were entitled to attorney's fees. The trial court conducted a hearing, and after considering the evidence and the arguments of counsel, the trial court denied Price's motion for reconsideration, granted Defendants' response, and declined to award attorney's fees. Price appealed.

## ANALYSIS

In issue one, Price complains that the trial court erred in granting Defendants' traditional and no-evidence motion for summary judgment because Price produced more than a scintilla of evidence to raise a genuine issue of material fact as to whether the Nashland Plat designated the ROW as a public road under Texas common law. Defendants argue that the evidence is legally and factually insufficient

5

to show that the Nashland Plat established the dedication of the ROW as a public road, because the plat does not include any dedication language conveying the alleged ROW to Jefferson County for public use.

We review rulings on motions for summary judgment using a *de novo* standard. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In resolving Price's issues, we must consider the ruling on the no-evidence part of Defendants' hybrid motion for summary judgment before considering the ruling on the traditional portion of Defendants' motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a no-evidence motion, we must view the evidence in the light most favorable to the non-movant. *Id.* at 601. The Texas Supreme Court has explained that the trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc. v, Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in

reviewing rulings made by trial courts on motions for directed verdicts. *Id.* at 750-51.

We first address whether there was more than a scintilla of evidence that the Nashland Plat dedicated the ROW for use as a public road under the Texas common law. *See* Tex. R. Civ. P. 166a(i). Price was required to produce more than a scintilla of evidence demonstrating that the Nashland Plat designated the ROW as a public road. *See Chapman*, 118 S.W.3d at 751. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc*., 650 S.W.2d 61, 63 (Tex. 1983).

According to Price, the Nashland Plat, as well as the recorded deeds and the Commissioners Court's minutes that reference the Nashland Plat and the ROW, demonstrate that the ROW was created by a common law dedication. In support of his contention that the Nashland Plat dedicated the ROW as a public road, Price relies on the following language in the plat: "'for the purpose of establishing the [l]ots and [b]locks, [s]treets, [a]lleys etc. as here laid [out] and platted.'" During the hearing, Price argued that the Nashland Plat contains an express dedication from W.B. Dunlap, and in support of his contention, he pointed to the enlarged text at the bottom of the plat and asserted that "the language there from Mr. Dunlap about what

7

he's doing with regard to the purpose of establishing the lots, blocks, street, and alleys." Defendants argued that Dunlap's language in the plat was no evidence of dedicatory intent. According to Defendants, the plat does not contain any conveyance language dedicating any street or ROW for the public use.

The dedication of a street or ROW involves setting apart private land for public purposes. *Ford v. Moren*, 592 S.W.2d 385, 390 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.); *see Viscardi v. Pajestka*, 576 S.W.2d 16, 19 (Tex. 1978). Dedication can occur by express grant or by implication, and an express dedication is generally accomplished by a deed or other written instrument, such as a plat. *Gutierrez v. Cty. of Zapata*, 951 S.W.2d 831, 837 (Tex. App.—San Antonio 1997, no writ). The owner's intent to dedicate land for public use must be clearly shown. *Broussard v. Jablecki*, 792 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, no writ). A dedication of private property for public use is never presumed but must be established by clear and unequivocal intention on the part of the landowner to presently set aside and appropriate a part of his land for public use. *Aransas Cty. v. Reif*, 532 S.W.2d 131, 134 (Tex. Civ. App.—Corpus Christ 1975, writ ref'd n.r.e.). The recording of a plat showing streets or roadways does not, standing alone, constitute a dedication as a matter of law. *Id.* "Where the plat merely uses the word 'street,' without dedicatory language, one claiming public dedication must show

8

some act by the owner dedicating the land in question, and an acceptance by the public or by local authorities." *Jablecki*, 792 S.W.2d at 537; *see Reif*, 532 S.W.2d at 134.

The Nashland Plat does not contain any language which dedicates the streets shown on the plat for public use. Price contends that the plat, the multiple deeds included in his summary judgment evidence, and the Commissioners Court's Minutes referencing the plat constitute a valid dedication. Based on our review of Price's summary judgment evidence, there is no evidence that Dunlap owned the property in the Nashland Plat, nor is there any evidence that evinces an intention on the part of any landowner at the time the Nashland Plat was made to dedicate the streets as public roads. *See Gutierrez*, 951 S.W.2d at 839 (stating that a valid dedication can only be made by the owner in fee); *Jablecki*, 792 S.W.2d at 537; *Ford*, 592 S.W.2d at 390; *Reif*, 532 S.W.2d at 134-35.

After reviewing the evidence in the light most favorable to Price, we conclude that there was no evidence that the Nashland Plat dedicated the alleged ROW for use as a public road and no evidence of an implied dedication. *See Ridgway*, 135 S.W.3d at 601. We therefore conclude that the trial court did not err in granting Defendants' no-evidence motion for summary judgment because Price failed to produce more than a scintilla of evidence that the alleged ROW was designated as a public road by

9

an express grant or by implication. *See* Tex. R. Civ. P. 166a(i); *Ridgway*, 135 S.W.3d at 601; *Kindred*, 650 S.W.2d at 63. Because Defendants' traditional motion for summary judgment also turns on whether the Nashland Plat dedicated the ROW as a public road, we need not address it. *See* Tex. R. App. P. 47.1. We overrule issue one.

In issue two, Price argues that the trial court erred in denying his motion for partial summary judgment because his summary judgment evidence conclusively established, as a matter of law, that the ROW was a designated public road and Defendants' summary judgment evidence failed to raise a genuine issue of material fact. Having already concluded that Price failed to produce more than a scintilla of evidence that the alleged ROW was dedicated as a public road, we further conclude that the trial court did not err by denying Price's motion for partial summary judgment. Accordingly, we overrule issue two and affirm the trial court's summary judgment in favor of Defendants.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 9, 2019
Opinion Delivered December 12, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.

**DISSENTING OPINION**

I respectfully disagree with the majority. I would reverse the trial court's grant of the Defendants' Motion for Summary Judgment and remand the case to the trial court because there are genuine issues of material fact.

Price alleged in part in Plaintiff's Second Amended Original Petition against the Defendants that Price used "the Vera Avenue ROW" as a primary access to Price's property, that the defendants "want to effectively block Price from using the ROW for accessing his property," and that Price "filed this action to assert and protect the legal rights of Price and the public to use the 60-foot wide Vera Avenue ROW." Price sued the Defendants for declaratory relief and for damages. As described in Price's petition, the sixty-foot-wide road right-of-way at issue is "the southern boundary line of Price's property" and "divides the real properties belonging to the respective parties in this case." Price also alleged that he has the right to use the road to access his own property, and that the public has the right to use the road. Price alleged that the sixty-foot strip of Vera Avenue abuts his property, and he specifically referenced and attached the Nashland Plat, which depicts Vera Avenue.

The legal description in the 2017 Deed from Norma Jean Leger to Margaret Leger describes five acres by reference to "part of Block 56 and 57," and then also

1

refs to the "abandoned Vera Avenue right of way, Nashland, recorded in Volume 1, page 101, Map Records, Jefferson County, Texas." The parties agree that the disputed part of Vera Avenue lies outside the City Limits and is currently not paved, and they agree that the disputed part is shown as a sixty-feet-wide road right of way on the Nashland Subdivision Plat. The parties disagree on whether the road has been abandoned, and whether Price has the right to use any part of that strip of land to access his own property.

The Defendants' No Evidence Summary Judgment was based on the premise that the right of way in question was never dedicated as a public right of way and that there was "no evidence" of a dedication. The trial court denied the Plaintiff's Motion for Partial Summary Judgment and then granted Defendants summary judgment and made an express finding that "[t]he disputed strip of land identified in and at issue in this case as it crosses Defendants' property is not a public right of way." In my opinion, the judgment lacks an adequate legal description of the disputed section of Vera Avenue.[1]

_____

[1] The language in the trial court's judgment lacks an adequate legal description of the "disputed strip of land." Although the trial court generally references the strip of land as "identified in and at issue in this case as it crosses Defendants' property," there is an ambiguity in the record about the location of the "disputed strip of land" as it "crosses Defendant's property." The judgment does not refer to a description from the Second Amended Petition or the exhibits referenced by the parties in the respective pleadings. According to the pleadings, Vera Avenue abuts Plaintiff's

The defendants argued in their motion for summary judgment that there was no evidence that the road in question was public because the language in the dedicatory plat lacked language expressly dedicating the road to the public, or the roadway was never accepted by the County and it had been abandoned.

I agree with the majority that the language on the face of the plat, by itself, would not conclusively show the road in question was dedicated to the public. But, in my opinion, the Nashland Plat, together with other evidence in the summary judgment record, constitutes more than a scintilla of evidence on the dedication of Vera Avenue, and there is an unresolved question under several legal presumptions over whether Price would hold private rights to use the strip of land.

Generally, when a person purchases a lot with reference to a subdivision plat, she immediately acquires private rights of an easement over the streets shown on

property and appears to separate Plaintiff's property from the Defendants' property. A trial court's judgment may reference a metes and bounds description, or some other survey plat to describe a "strip of land." Generally, descriptions of real property in judgments should be "so definite and certain . . . that the land can be identified with reasonable certainty[]" so that the property at issue can be identified or the judgment is void. *Greer v. Greer*, 191 S.W.2d 848, 849 (Tex. 1946). A judgment may refer to "some other writing" that can provide the required certainty. *See id.* Texas law requires the description to identify the property with reasonable certainty but does not require mathematical certainty. *Templeton v. Dreiss*, 961 S.W.2d 645, 659 (Tex. App.—San Antonio 1998, pet. denied). A legal description is generally sufficient if "'a surveyor could go upon the land and mark out the land designated.'" *Wooten v. State*, 177 S.W.2d 56, 57 (Tex. 1944).

such plat that abut the purchased lot, even if such streets are never accepted by the County or opened to the public. *Dykes v. City of Houston*, 406 S.W.2d 176, 181 (Tex. 1966); *see also City of San Antonio v. Olivares*, 505 S.W.2d 526, 530 (Tex. 1974) ("Texas courts have generally recognized that abutting property owners have private rights in existing streets and alleys in addition to their rights in common with the general public. This right is in effect a private right of ingress and egress[,] . . . a right of passageway to and from the property."). In *Olivares*, the Court noted that it had "consistently held that the conveyance of land by reference to a map or plat, upon which lots and streets are laid out, results in the purchaser or one holding under him, acquiring by implication a private easement in the alleys or streets shown on the plat." 505 S.W.2d at 530; *see also State v. Delany*, 197 S.W.3d 297, 299 (Tex. 2006) ("Texas has long recognized that property abutting a public road has an appurtenant easement of access guaranteeing ingress to and egress from the property.").

Under the centerline presumption, a conveyance of land that abuts a road or right of way presumptively conveys ownership to the center of the abutting road or public right of way unless this inference is rebutted by the express terms of the grant. *See Red Boot Prod. Co., Inc. v. Samson Expl., LLC*, No. 09-14-00191-CV, 2015 Tex. App. LEXIS 10199, at **21-22 (Tex. App.—Beaumont Oct. 1, 2015, no pet.) (mem.

4

op.) (citing *Mitchell v. Bass*, 26 Tex. 372, 380 (1862)); *City of Fort Worth v. Sw. Magazine*, 358 S.W.2d 139, 141 (Tex. App.—Fort Worth 1962, writ ref'd n.r.e.) ("As a general rule the owner of a lot or a tract of land abutting upon a street acquires the fee to the center of the street subject only to the easement existing in favor of the public."). This presumption applies "even if the description of the land in the deed or field notes terminates at the street, public highway, or railroad right-of-way, unless a contrary intention is expressed in plain and unequivocal terms." *Moore v. Energy States, Inc.*, 71 S.W.3d 796, 799 (Tex. App.—Eastland 2002, pet. denied). And the centerline presumption applies when an abutting road is referenced in a deed or plat, even if the road were never developed. *See Cantley v. Gulf Prod. Co.*, 143 S.W.2d 912, 915-16 (Tex. 1940) (explaining that "the presumption that it was the intention of the grantors to convey such narrow strip to the grantees with the other land adjoining same, *we do not think that it affects the rule*, so far as the title to the strip is concerned, *if the road was never used* or if it was abandoned[]" (emphasis added)); *see also Moore*, 71 S.W.3d at 799.

Similarly, when a road right of way is abandoned, there is a presumption that the abutting lot owners on either side of the roadway acquire title to the middle of the roadway upon abandonment. *See* Tex. Transp. Code Ann. § 251.058(b) ("Title to a public road or portion of a public road that is [] abandoned [] to the center line

5

of the road vests on the date the order is signed by the county judge in the owner of the property that abuts the portion of the road being [] abandoned[].”). This rule is applied even if the street has never been improved or opened. *Cantley*, 143 S.W.2d at 916. “[I]t is presumed that a grantor has no intention of reserving a fee in a narrow strip of land adjoining the land conveyed when it ceases to be of use to him, unless such fee is clearly reserved.” *Id.* at 915. That the legal description refers to platted lots stopping at the street is not relevant. *Id.* Price made an argument in the trial court and on appeal that he alternatively owned rights in the right of way, and he referenced the statutory centerline presumption in his briefing.

Even when a map or dedicatory plat lacks sufficient dedicatory language to establish as a matter of law there was a public dedication of the streets depicted on it, the equitable doctrine of estoppel may apply to prevent a denial of dedication when lots were sold by reference to the plat. *See, e.g.*, *Dallas v. Crow*, 326 S.W.2d 192, 198-99 (Tex. App.—Dallas 1959, writ ref’d n.r.e.) (op. on reh’g). For example, the sale of lots by reference to a plat reflecting streets to be dedicated may make the dedication irrevocable, even without acceptance by the government, as to the purchasers of lots. *McLennan Cty. v. Taylor*, 96 S.W.2d 997, 998-99 (Tex. App.—Waco 1936, writ dism’d). The record is insufficiently developed to determine, as a matter of law, whether these presumptions or legal doctrines apply to this roadway.

The failure to assess land for taxes may also be *some* evidence that the County has accepted the dedication of a right of way for a street. *City of Waco v. Fenter*, 132 S.W.2d 636, 638 (Tex. App.—Waco 1939, writ ref'd). There is some tax assessment information in the summary judgment record that Price contends also created a fact issue.

As a result, for these reasons, I would reverse and remand.

_____
LEANNE JOHNSON
Justice

Dissent Delivered December 12, 2019