Jerome ZAK, and Wife, Clara Virginia Zak, Appellants,

v.

Alex SANCHEZ, and Wife, Ernest Sanchez, Appellees.

No. 04–84–00174–CV.

Court of Appeals of Texas, San Antonio.

Oct. 23, 1985.

Rehearing Denied Dec. 3, 1985.

Oscar J. Pena, Sr., Laredo, for appellants.

R.E. Sames, Hall & Sames, Laredo, for appellees.

Before BUTTS, TIJERINA, and CHADICK,* JJ.

## OPINION

CHADICK, Justice (Assigned).

This is a permanent injunction suit brought to enjoin interference or hindrance in the use of a roadway. Judgment, after a non-jury trial, was entered determining that the strip of land in question was a public roadway and permanently enjoining defendants from interfering or hindering plaintiffs' use thereof. The judgment of the trial court is affirmed.

A patent to a 160 acre tract in Encinal County, Texas, was granted by the State of Texas to Juan Salinas in 1879. The patented land is known in this record as Survey 781 of present day Webb County, Texas. A plat of Survey 781 shows it to be approximately square. At the time of trial the west half of the survey was owned by Jerome Zak. The east half is divided and the east half of the east half is owned by Alex and Ernest Sanchez, while the west half of the east half, which lies between the Zak property and the Sanchez property, is owned by Carmen Guerra. A short distance east of the Sanchezes' northeast corner is a cemetery which is located east of and outside of Survey 781. Neither the Zaks nor Sanchezes reside on their respective tracts.

The right-of-way of Interstate Highway 35 crosses the Zak land near its northwest corner. A strip of land twenty feet in width and about 300 yards in length, of the north end of the Zak acreage commencing at the Interstate 35 right-of-way and extending to Zak's east boundary, is the land here in question. This strip is claimed by the Sanchezes to be a segment of a public road running inside and along the north boundary of Survey 781 from Interstate 35 right-of-way to a small cemetery just beyond the East boundary of the survey.

Alex Sanchez and Ernest Sanchez, as plaintiffs, sued Jerome Zak and his wife, Clara Virginia Zak as defendants. After the judgment previously mentioned was entered, the Zaks requested the court to file TEX.R.CIV.P. 296 findings of fact and conclusions of law. The request was complied with and a statement of facts also has been brought forward.

As appellants, the Zaks have briefed four points of error. The first point of error asserts the Sanchezes failed to prove the existence of a public roadway over the Zak property by either prescription or dedication, and consequently, the court erred in the judgment entered for the reason that there was (1) no evidence, (2) insufficient evidence to support the court's finding and judgment that the road was a public road as a result of an implied dedication to that purpose, and (3) the judgment and findings are contrary to the great weight and preponderance of the evidence and clearly unjust. The Sanchezes rely upon proof of the roadway by implied dedication.

The parties agree that this court must, in determining a no evidence point, consider only the evidence supporting the court's findings and judgment in its most favorable aspect and give effect to all reasonable inferences properly drawn therefrom. Also, in determining the factual insufficient evidence point this court must consider the supporting evidence and determine whether its probative effect is of sufficient

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

strength to support the findings and judgment. And further, all evidence must be considered in determining whether the court's findings and judgment are so contrary to the great weight and preponderance of the evidence as to be unjust.

The Supreme Court in *Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254 (Tex.1984), and more recently in *Lindner v. Hill,* 28 S.Ct.J. 461, 691 S.W.2d 590 (1985), took occasion to say:

> The essential elements of implied dedication are: (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on these acts and will be served by the dedication; and, (4) there was an offer and acceptance of the dedication.

In this connection, *O'Connor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878 (1960) approved the presumption of *Dunn v. Deussen,* 268 S.W.2d 266 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.), that when the origin of the user of a strip of land as a road by the public and the ownership of the land at the time of origin are shrouded in obscurity and no proof can be adduced to show the intention of the owner in allowing the use, the law raises a presumption that the requisite intention and acts disclosing it were present.

Besides testifying themselves, the Sanchezes rely upon the testimony of Zaks' predecessor in title to the west half of Survey 781, the owner of an interest in land in an adjacent survey, and the deposition testimony of a predecessor in title to their land. In its most favorable summary these witnesses said that a laned road, that is a road separated from adjoining property by fences, the remnants of which were still to be seen at the time of trial, ran eastward from Interstate 35 right-of-way inside and parallel with the north boundary of the Zak property and with the north boundary of Survey 781 to a cemetery in an adjoining survey near the northeast corner of Survey 781. The road was open and without gates, was well-defined by traffic use and that everyone that cared to, freely used it without permission from adjacent owners. The cemetery existed and the road was in place and in use before 1949, the earliest date any witness had occasion to be acquainted with the road and cemetery. The road was open to and used by everyone as a matter of right. The traffic on it consisted of persons visiting the cemetery, hunters, adjacent land owners, and others until about 1980.

This evidence, aided by the presumption of *Dunn v. Deussen, supra,* meets all requirements of *Las Vegas Pecan & Cattle Co. v. Zanola County* and *Lindner v. Hill,* and constitutes more than a scintilla of proof that at a time prior to 1949, the owner of the west half of Survey 781 opened the road and induced the belief that he intended to dedicate the roadway in question to public use and the public relied upon the owners' acts and dedication and by subsequent use accepted and are served by it. Appellants' no evidence contention is overruled.

Appellants' factual insufficiency and great weight and preponderance points, will be considered together. Besides Jerome Zak, several land owners or residents in the vicinity testified. Summarized, their testimony was that the roadway extended only from the highway right-of-way about 150 yards east to a gate into the Garcia property in Survey 781. This road was used by the Garcia family from 1949 until very recent times. The Garcia family obtained permission from the Huertas, remote predecessors in title to the Zaks, to use the road. East from the Garcia gate there is only slight evidence of a passageway along the north boundary of the Zak land to a gate, now and previously locked, that continues eastward and progressively becomes more indistinct as it crosses intervening land ownership lines to the cemetery. There is evidence all gates were locked and the passageway beyond the Garcia's gateway used by adjacent owners only. These neighbors made use of the passageway in hauling water, moving stock to and from water and from pasture to

pasture. Only this or other limited use convenient to neighboring land owners was ever made of the passageway to the east of the Garcia gate. Any use of the passageway by others was with permission of the individual tract owners. The Sanchez brothers are newcomers to the community. As new owners in the area, they sued for and recovered a roadway from the Zak northeast corner to their own northwest corner, over land lying between the Zak and Sanchez tracts. Such roadway is a segment of the road the Sanchezes claim runs from the highway to the cemetery. After the suit the evidence shows locks went onto the several land line gates or certain gates were removed and boundaries fenced.

The trial judge has the duty and prerogative or resolving conflicts, contradictions, and inconsistencies in the evidence and determining the facts proved, the credibility of the witnesses and the weight to be given the testimony. In this instance, there is sufficient evidence with probative effect, if believed, to support the judge's findings and the judgment entered. And in view of all evidence in the record, the court's finding and judgment is not so contrary to the great weight and preponderance of the evidence as to be unjust. Having reached the conclusion stated, the Zaks' first point of error is overruled.

Point of error number two raises the issue that judgment herein is a taking in violation of TEX. CONST. art. I, § 17. Except for reference to the constitutional provision no authority is cited. Other than to point out the reasons the trial court judgment, if not reversible otherwise, is not in violation of any constitutional provision or statutory law, a lengthy discussion of the point will be omitted.

■ The judgment has determined that the owner of a strip of land disposed of an interest in it by dedicating the interest to public use as a roadway, this in no way resembles or is equivalent to the State of Texas taking private property for public use. The second point is overruled.

■ Point of error number three presents for determination whether or not the judgment herein is vague and indefinite and fails to clearly apprise the parties of their respective duties, rights and obligations thereunder. The judgment recites that, "The court ... finds that the roadway described herein has been impliedly dedicated to the public by the defendant's predecessor or predecessors in title and that the use by the public has continued for such time as to entitle the plaintiff to a permanent injunction restraining the defendants from interfering in any manner with their use of the roadway...." This language of the judgment is adequate to show the reasons for issuance of an injunction and the acts enjoined. *See O'Connor v. Gragg,* *supra,* for approved judgmental language. In that case the order restrains the defendants from "interfering with ingress-egress of [the plaintiff] by acts which tend to forbid or make impossible the use of the road...." No substantial difference in meaning is apparent between the wording in that case and in the judgment here. Appellants' third point of error is overruled.

Appellants' fourth point of error is that the trial court's declaration of an implied dedication of a strip twenty feet in width constitutes error. Neither party specifies evidence in the record showing measurement of the width of the road at any point. However, the Sanchezes pled a road twenty feet in width and testimony of witnesses was with reference to the strip put in contention by the pleadings. Unless limited by the witness' language testimony would imply its application to the strip in contention. Also several pictures are in evidence. Among the pictures are one or more showing segments of the road and the fences or remnants of fences bounding it. From these a conclusion could be drawn as to the width. The record contains evidence on which the trial court could base its judgment. In other words, the evidence respecting the strip of roadway is legally and factually sufficient to show its width.

In view of the conclusions reached, the appellants' points of error are overruled

and the judgment of the trial court is affirmed.