**Sarah BROUSSARD, Appellant,**

v.

**Lawrence T. JABLECKI and Donna Jablecki, Appellees.**

**No. 01–89–01032–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 1990.

Rehearing Denied June 28, 1990.

**536**

Gary L. McConnell, Houston, for appellant.

Mark H. Neal, Houston, for appellees.

Before WARREN, DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a summary judgment declaring a street to be a public road. Finding that appellees did not prove, as a matter of law, that any owner ever dedicated the road to public use, we reverse and remand.

The parties own land on opposite sides of a road in Angleton known as "Bryan Street" or "Munson Road." The Jableckis alleged that Broussard was preparing to block public access by erecting a gate across the street. They sought a declaratory judgment that the street was public. Broussard generally denied the claim and asked the court to declare the road to be her private property.

The Jableckis moved for summary judgment, alleging the roadway was dedicated in the 1894 plat of the subdivision in the H.H. Cornwall Survey. The plat showed a strip designated as a "40 FT Road" running through what appears to be tracts 9 through 13 on the north and tracts 20 through 24 on the south.

The Jableckis acquired part of tract 19 in 1985. Their deed mentioned the Cornwall Survey, and their property description referred to "Bryan Street." Broussard owns an acre in tract 14, under a 1958 deed from her father, Mordello S. Munson, that refers to "the road along the south line of the tract" as a "public road." Since 1960, Broussard has owned another 5.944 acres in tract 14, under her father's will. This land was acquired by her father by partition among heirs in 1933. The partition deed mentions the Cornwall Survey and the

"graded road" along the south line of the property.

The Jableckis also relied on Broussard's 1987 deed to Paul Steven Broussard, conveying 1 acre of tract 14, which referred to the road as a "public road." They also relied on Broussard's 1983 deed to Mary Ella Broussard Reynolds, conveying part of tracts 13 and 14, which referred to the "40 foot road" called "Munson Road" in the property description. Finally, the Jableckis relied on a deed of trust executed by Broussard, which refers to "the 40-foot road being called Munson Road."

Broussard contends the Jableckis did not prove, as a matter of law, that any one ever dedicated the road to the public. Her affidavit stated that her family had continuously used the road as a private road since at least 1933; that she never intended by her conveyances in 1983 and 1987 to dedicate the road to public use; and that from the early 1930's to the late 1960's and early 1970's, Munson Road was fenced in by her family. Further, she stated that from the early 1930's to the present, neither the City of Angleton nor Brazoria County ever graded, filled, cleaned, surfaced, or maintained Munson Road, and that all road maintenance was performed by her family.

The movant for summary judgment must show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Evidence favorable to the non movant will be taken as true, and every reasonable inference will be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Dedication occurs when an owner sets land apart for some public use, and the public actually or impliedly accepts that use. *Ford v. Moren*, 592 S.W.2d 385, 390 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). Dedication can occur by express grant or by implication. *Viscardi v. Pajestka*, 576 S.W.2d 16, 19 (Tex.1978). In either case, the owner's intent to dedicate to public use must be clearly shown. *Owens v. Hockett*, 151 Tex. 503, 505, 251

S.W.2d 957, 958 (1952). Whether a road has been dedicated to public use is generally a fact question. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960).

An express dedication is usually accomplished by words in a deed or other written document. *See, e.g., Jupe v. City of Schertz*, 604 S.W.2d 405, 407 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *Copeland v. City of Dallas*, 454 S.W.2d 279, 281–82 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); *Priolo v. City of Dallas*, 257 S.W.2d 947, 952 (Tex.Civ.App.—Dallas 1953, writ ref'd n.r.e.). The 1894 plat here contained no dedicatory language. Thus, the question is whether the Jableckis established an implied public dedication as a matter of law.

■ There are four elements of a dedication. First, the dedicator must have fee simple title. Second, the dedicator must make either an express or implied offer. Third, the dedication must serve a public purpose. Finally, the offer must be accepted. *Moody v. White*, 593 S.W.2d 372, 378 (Tex.Civ.App.—Corpus Christi 1979, no writ).

■ Recording a map or plat showing streets or roadways does not, standing alone, constitute a dedication as a matter of law. *Aransas County v. Reif*, 532 S.W.2d 131, 134 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *County of Calhoun v. Wilson*, 425 S.W.2d 846, 851 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.). Where the plat merely uses the word "street," without dedicatory language, one claiming public dedication must show some act by the owner dedicating the land in question, and an acceptance by the public or by local authorities. *Aransas County*, 532 S.W.2d at 134.

■ Here, the Jableckis did not prove who owned the land when the plat was made, or that the owner then, in 1894, intended to dedicate the road to the public. *See Ford*, 592 S.W.2d at 390, 391; *Aransas County*, 532 S.W.2d at 134–35; *City of Corpus Christi v. McCarver*, 289 S.W.2d 420, 421 (Tex.Civ.App.—San Antonio 1956,

writ ref'd n.r.e.). Therefore, the Jableckis did not conclusively prove a dedication.

■ The Jableckis contend that the plat and the deeds mentioning it constituted a valid dedication, citing *Adams v. Rowles,* 149 Tex. 52, 228 S.W.2d 849 (1950); *City of Corsicana v. Zorn,* 97 Tex. 317, 78 S.W. 924 (1904); *Martinez v. City of Dallas,* 102 Tex. 54, 109 S.W. 287 (Civ.App.—Dallas) *aff'd,* 102 Tex. 54, 113 S.W. 1167 (Tex. 1908). Those cases are distinguishable. In each, an identified owner dedicated the land before filing the plat.

In *Ford,* deeds referred to a plat that designated certain streets. The City of Jefferson claimed these were public. The court held that since the plat contained no dedicatory language, and there was no evidence that the owners when the plat was recorded intended a public dedication, there was no dedication. *See Ford,* 592 S.W.2d at 389–92. We consider *Ford* dispositive.

■ The Jableckis also contend that because Broussard personally executed deeds describing the road as a "public road," she cannot deny it is public. Broussard's affidavit states that she never intended by these conveyances to dedicate the road to public use, and that she did not know when she signed them that they mentioned a public road. Therefore, at most, a fact issue was raised by the evidence.

The point of error is sustained.

The judgment is reversed, and the cause is remanded.