**Court of Appeals**
**Fourth Court of Appeals District of Texas**
**San Antonio**



# MEMORANDUM OPINION

No. 04-08-00060-CV

Odell G. **PARISHER**,
Appellant

v.

**JIM WELLS COUNTY**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-04-44539-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:        Catherine Stone, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   August 27, 2008

AFFIRMED

This appeal stems from a summary judgment rendered in favor of Appellee Jim Wells County. Appellant Odell Parisher is the owner of a tract of land in Jim Wells County that is within the Welhausen and Driscoll Subdivision of the P.E. McNeil Ranch ("the Subdivision"). Contained within the subdivision is a recorded forty-foot easement for public roadways that Jim Wells County claims was extended to sixty feet by virtue of implied dedication and, alternatively, by adverse possession. Additionally, Jim Wells County contends that a portion of Parisher's fence encroaches on the recorded forty-foot easement.

## FACTUAL BACKGROUND

The tract of land in question lies at the intersection of County Road 355 and County Road 356 between a fence that Parisher built and an older fence that Jim Wells County built. In May of 2004, Parisher took title to the property and tore down the thirty-year old fence that was built by Jim Wells County and erected a new fence much closer to the road. Jim Wells County argues that the new fence, located in the middle of the drainage ditch running adjacent to the road, prevents proper maintenance of the ditch and the road. In fact, the new fence is so close to the road that Jim Wells County was forced to move the stop sign at the intersection of County Road 355 and County Road 356 because it would have been enclosed by the new fence.

Jim Wells County filed suit claiming that the roadway easement along County Road 355 was extended from forty feet to sixty feet by implied dedication and/or adverse possession, and that the fence along County Road 356 encroaches upon the recorded forty-foot easement. The county offered the Affidavit of R.L. "Bob" Owens, a surveyor, who testified that he could not determine exactly when the easement was extended from the recorded forty-foot easement to sixty feet, but stated the old fence had been recognized as the correct boundary line for over thirty years. As evidence of such, the county offered records regarding the construction of the drainage ditches and maintenance to the roadsides.[1]

## STANDARD OF REVIEW

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d

---

[1] Jim Wells County asserts the area between the roads and the fence is necessary for drainage and for use by emergency vehicles.

211, 215-16 (Tex. 2003). Once the movant has established a right to summary judgment, the burden shifts to the non-movant to respond to the motion for summary judgment and present evidence precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In reviewing the grant of a summary judgment, all evidence favorable to the non-movant must be taken as true and all reasonable inferences must be resolved in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Further, if the trial court's judgment does not specify the ground relied upon for its ruling, the summary judgment must be affirmed if any one of the theories advanced is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

## IMPLIED DEDICATION

In his first appellate issue, Parisher argues that genuine issues of material fact exist with regard to whether Jim Wells County extended the forty-foot easement to sixty feet by implied dedication. Common law dedication can either be express or implied. *Gutierrez v. County of Zapata*, 951 S.W.2d 831, 837 (Tex. App.—San Antonio 1997, no writ). Because this case does not involve an express dedication, the question presented is whether the summary judgment evidence conclusively established that the extension of the easement had been acquired by implied dedication.

Whether a road has been dedicated to public use is generally a question of fact. *Broussard v. Jablecki*, 792 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, no pet.). Implied dedication requires both a clear and unequivocal intention on the part of the landowner to appropriate the land to public use and an acceptance by the public. *Gutierrez*, 951 S.W.2d at 838. Because an implied dedication results in "the appropriation of private property for public use without any compensation to the landowner," Jim Wells County bears a heavy burden to

establish an implied dedication. *County of Real v. Hafley*, 873 S.W.2d 725, 728 (Tex. App.—San Antonio 1994, writ denied).

The elements of an implied dedication are: (1) the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) the landowner was competent to do so; (3) the public relied on the landowner's actions and will be served by the dedication; and, (4) there was an offer and acceptance. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256 (Tex. 1984); *Stein v. Killough*, 53 S.W.3d 36, 42 n.2 (Tex. App.—San Antonio 2001, no pet.). Generally, an owner's donative intent may not be implied from evidence showing only that the public used the land without objection from the landowner. *Fazzino v. Guido*, 836 S.W.2d 271, 274 (Tex. App.—Houston [1st Dist.] 1992, writ denied). However, "evidence of long and continued use by the public raises a presumption of dedication by the owner when the origin of the public use and the ownership of the land at the time it originated cannot be shown, one way or the other, due to the lapse of time." *Id.*; *see also O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878, 882 (1960).

For the presumption of dedication to apply, the origin of the public use and the ownership at that time must be "shrouded in obscurity, and no proof can be adduced showing the intention of the owner in allowing the use." *Fazzino*, 836 S.W.2d at 274 (quoting *Dunn v. Deussen*, 268 S.W.2d 266, 269 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.)); *O'Connor*, 339 S.W.2d at 882. The *O'Connor* Court explained that we analyze whether the open and known acts "are of such a character as to induce the belief that the owner intended to dedicate the way to public use, and the public and individuals act upon such conduct, proceed as if there had been in fact a dedication, and acquire rights which would be lost if the owner were allowed to

reclaim the land, then the law will not permit him to assert that there was no intent to dedicate." *O'Connor*, 339 S.W.2d at 882-83 (internal quotations omitted).

Thus, we must determine whether Jim Wells County conclusively proved that the origin of the "road" was "shrouded in obscurity" and that, from that time, it was subject to long and continuous use by the public. Several of the landowners testified that the road was used by the public as far back as they could remember. Yet, none of the landowners could testify to the intentions of the owner or when such use began. Additionally, the evidence established that Jim Wells County fenced the land in question over thirty years ago, built drainage ditches and maintained the land and ditches for the benefit of the public.[2] This evidence merits application of the presumption of donative intent. *Hatton v. Grigar*, 66 S.W.3d 545, 555-56 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding similar evidence was "legally sufficient to support the existence [the intent] element").

While a presumption does not result in shifting the burden of proof, it does shift the burden of producing or going forward with the evidence to the party against whom it operates. *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). In the context of a summary judgment, this principle required Parisher, as the non-movant, to produce evidence creating a genuine issue of material fact to challenge this element. *Bush v. Fayette County*, No. 03-05-00274-CV, 2006 WL 952413, at *3 (Tex. App.−Austin, Apr. 13, 2006, no. pet.). Yet, Parisher

---

[2] The affidavit of County Commissioner Oswaldo Alanis provided, in pertinent part, as follows:

> The previous fence was built by the County at least 30 years ago. The county has maintained the side of the roads up to the fence line for at least 30 years. The road has been in use for so long that the origin of the use by the public, and the ownership of the land at that time, is not possible to prove.

> County Roads 355 and 356 including the portions adjacent to Mr. Parisher's land have been maintained by the County and used as public roads for over 30 years. The locations of the roads, the drainage ditches, and the areas immediately adjacent to the roads that is maintained by Jim Wells County has been the same for at least 30 years extended to the fence that Mr. Parisher tore down.

failed to do so on the element of intent or the applicability of the presumption of intention to dedicate the area to the public.[3] Therefore, because Jim Wells County established through its proof that the presumption applies, and Parisher did not offer evidence to the contrary, we hold that Jim Wells County satisfied the first element of implied dedication.

The requirement that the landowner be competent to donate means the owner held fee simple title to the property. *Broussard*, 792 S.W.2d at 537. The same presumption establishes the issue of fee simple ownership. *Zak v. Sanchez*, 700 S.W.2d 259, 261 (Tex. App.—San Antonio 1985, no writ); *Steel v. Wheeler*, 993 S.W.2d 376, 379 (Tex. App.—Tyler 1999, pet. denied). In *Betts v. Reed*, 165 S.W.3d 862 (Tex. App.—Texarkana 2005, no pet.), a landowner closed a road that had been used by the public since at least the 1920s. *Id*. at 866. The court determined that if the obscurity shrouding the origin of the road also shrouds the identity and intent of the original owner or owners, then the obscurity also shrouds any assessment of any previous owner's competency. *Id*. at 870 n.4. Moreover, the same evidence establishing continued, unquestioned use of the road conclusively establishes that the public relied on and accepted the dedication. *See Supak v. Zboril*, 56 S.W.3d 785, 791 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Acceptance does not require a formal or express act. *Gutierrez*, 951 S.W.2d at 842. To the contrary, all that is required is a general and customary use by the public. *Id*. Therefore, Jim Wells County's evidence of public use establishes acceptance of the public dedication of the road. Thus, Jim Wells County established each element of the implied dedication as a matter of law.

---

[3] Unlike *Spinuzzi v. Town of Corinth*, 665 S.W.2d 530, 533 (Tex. App.—Fort Worth 1983, no writ), where the affidavit testimony raised a fact question as to the applicability of the presumption of intention to dedicate the roadway to the public, here Parisher has failed to point to any facts to dispute the presumption. Although his attached affidavit raises a question as to when the road was paved, it does not go to a material issue in dispute.

Parisher alternatively argues that the date of paving County Road 355 is relevant to determining when the dedication took place. Jim Wells County contends that, even prior to paving the roadway, the old fence line was the demarcation for the dedicated area. The record substantiates that the public has also acted on the belief that the boundary line is marked by the old fence line. The paving of the road was not the act that created the implied dedication; thus, Parisher's argument regarding the application of Texas Transportation Code Section 291.003 is not relevant to our determination.[4] Because Jim Wells County adduced sufficient evidence on each element of implied dedication to demonstrate its entitlement to summary judgment, and Parisher failed to bring forward evidence demonstrating that a genuine issue of material fact exists, the trial court properly granted summary judgment in favor of Jim Wells County on this issue.

### EASEMENT BY PRESCRIPTION

In the alternative, Jim Wells County claims title to the property by an easement by prescription, or adverse possession. *Othen v. Rosier*, 148 Tex. 485, 226 S.W.2d 622, 626-27 (Tex. 1950). (holding that "the hostile and adverse character of the user necessary to establish an easement by prescription is the same as that which is necessary to establish title by adverse possession") (internal quotations omitted). In order to successfully claim an easement by prescription on behalf of the public, Jim Wells County had to show that it acquired the easement by the open, notorious, continuous, exclusive, and adverse use of the property in question for ten years. *Brooks v. Jones*, 578 S.W.2d 669, 673 (Tex. 1979).

---

[4] Parisher contends that the lack of recordation and two different surveys of his boundary line create fact issues. We note, however, that implied dedications are by definition not recorded. Because this is an implied dedication, the recent surveys provided by Parisher, that do not reflect the implied dedication, do not raise a material issue of fact. *See Viscardi v. Pajestka*, 576 S.W.2d 16, 19 (Tex. 1978).

Jim Wells County submitted evidence that the land at issue was adversely fenced off from previous deed holders. In addition, Jim Wells County provided evidence that the public has enjoyed use of the land beside County Road 355 for public benefit such as the drainage ditch. Additionally, the county maintained the ditch, the road, and the fence for over thirty years. Most importantly, Jim Wells County offered proof that this land remained in this state for well over the ten year statutory period. We, therefore, conclude that Parisher failed to present a genuine issue of material fact to defeat the County's easement by prescription.

## CONCLUSION

Because we hold that Jim Wells County established its right to the controverted property as a matter of law, and Parisher failed to raise a genuine issue of material fact as to the issue of implied dedication as well as easement by prescription, we affirm the trial court's grant of summary judgment.

Rebecca Simmons, Justice