## McLENNAN COUNTY v. TAYLOR.

### No. 1798.

Court of Civil Appeals of Texas. Waco.

July 16, 1936.

Rehearing Denied Oct. 1, 1936.

Frank M. Wilson, of Waco, for appellant.

Sam Darden, of Waco, for appellee.

JOHN F. SHEEHY, Special Chief Justice.

On June 22, 1892, J. W. Taylor recorded in the McLennan County Deed Records a plat designated as "J. W. Taylor's Addition to Waco," the property covered by said plat being subdivided into lots and blocks, and said plat showing various streets and alleys, among which was Second street. The following statement, duly signed by J. W. Taylor, appeared on said plat as recorded:

"Lots 50 x 165 feet, except the fractional lots and blocks. All streets seventy-five feet wide.

"Streets shown on this map from east side of river and west line of Third street between my upper and lower line dedicated and donated to public use. All other streets are hereby specially reserved by me. I hereby authorize the county clerk to record above map as my addition to Waco, with dedication and reservation above expressed.

"Witness my hand at Waco, Texas this June 21, 1892.

"[Signed]    J. W. Taylor."

South Second street was shown on the map as one of the streets dedicated and donated to public use.

South Third street, as shown on the plat, was actually opened to public use and used as a street. All of the property covered by said plat lay outside the corporate limits of the city of Waco.

On March 11, 1893, J. W. Taylor joined with D. R. Gurley in executing a deed to B. Alexander, which deed covered a part of the property included in the J. W. Taylor addition. The description in said deed was, in part, as follows:

"Beginning at the south corner of J. W. Taylor's addition to the city of Waco, recorded in Book 90, page 31, of the deed records of McLennan County, Texas."

On August 2, 1897, J. W. Taylor executed a deed to the city of Waco covering all of J. W. Taylor's addition to the city of Waco lying between South Third and South Second streets in said city, save and except the lot which he had theretofore conveyed to B. Alexander, and in said deed he referred to the map or plat of said addition which was made a part of said deed for description.

On August 27, 1900, he conveyed to William Smith lot 1 in block 62, of J. W. Taylor's addition to the city of Waco. On December 24, 1901, he conveyed to William M. Smith lots 6 and 7 in block 31, and lot 2 in block 62, of J. W. Taylor's addition to the city of Waco and referred to the map of said addition for more perfect description.

On March 5, 1904, J. W. Taylor conveyed to appellee "all that certain tract in the southern part of the city of Waco, and known as the J. W. Taylor's addition to the city of Waco, filed for record on June 22, 1892, and recorded on page 31, book 90 of the McLennan County Deed Records."

From this conveyance was excepted the property which the said J. W. Taylor had theretofore sold out of said addition.

By his will, which was duly probated, J. W. Taylor, who died on November 15, 1922, devised and bequeathed to appellee all of his estate of every kind and description.

About 35 or 40 years before the trial of this case, a road or street was opened up across the property known as the J. W. Taylor addition, which road or street was known as South Second street. This street ran parallel to South Second street as laid out on the plat of the J. W. Taylor addition, and was about 35 feet east of South Second street as designated on said plat. This street or road was used generally by the public as a route of travel for a period of 35 to 40 years and up until the time that the controversy in question arose.

About 20 years prior to the occasion in question, appellee had fenced in that portion of J. W. Taylor's addition designated as South Second street on the recorded plat, and had been using same since that time as a pasture and stable. In May of 1934, the appellant, without the consent and over the protest of appellee, opened up South Second street as shown on the plat of J. W. Taylor's addition, and appropriated same for use as a public highway. This suit was filed by appellee to recover damages for the alleged wrongful appropriation of said property, and a trial was had before the court, without the intervention of a jury, and judgment was rendered in favor of appellee, awarding her damages for the taking of said property.

By its first and second propositions, appellant contends that the filing of the plat in question and the conveyance of property with reference to said plat by J. W. Taylor amounted to a complete and irrevocable dedication of the streets shown thereon to public use, and that no formal acceptance of the dedication by the county or other organized representative of the public was necessary.

■ We think this is correct. When J. W. Taylor filed the plat of the J. W. Taylor addition to the city of Waco, subdividing the property into lots and blocks and showing streets thereon, this constituted an offer on his part to dedicate such streets to the public use. When he thereafter executed deeds conveying lots with reference to said recorded plat, his offer to dedicate, in so far as he was concerned, became irrevocable, and the organized representative of the public, in this case McLennan county, acquired the right to take possession of the streets shown on the plat when public necessity demanded that they be opened. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924, 925; Coombs v. City of Houston (Tex.Civ.App.) 35 S.W.(2d) 1066; Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 113 S. W. 1167; Griffith v. Allison (Tex.Civ. App.) 60 S.W.(2d) 899; Sanborn v. City

of Amarillo, 42 Tex.Civ.App. 115, 93 S.W. 473.

The Supreme Court, in the case of City of Corsicana v. Zorn, supra, announced the rule as follows: "The effect of the deed, then, from Mrs. Zorn and her husband to the different purchasers of lots in Zorn's Addition, was to convey to such purchasers the right that they and all persons should be permitted to use the streets and alleys for the purposes designated upon the said plat for all time, and this conveyance vested in the public and in the city of Corsicana, as the organized representative of the public, the right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. Meier v. Portland [Cable Co., 16 Or. 500, 19 P. 610, 1 L.R.A. 856], before cited; Elliott on Roads & Streets, § 118; Town of Derby v. Alling [40 Conn. 410], before cited. It is objected on the part of Mrs. Zorn that there had been no acceptance by the city of the dedication. There was no necessity for such acceptance, for the right which vested in the purchasers of the different lots, and through them in the public, was irrevocable."

■ Since the dedication became irrevocable, no act on the part of J. W. Taylor, or his successors in title, could operate to revoke the dedication. They could not acquire title to the property in question by limitation, regardless of how long their adverse possession of the property had continued. Article 5517, Revised Statutes of Texas 1925; Coombs v. City of Houston (Tex.Civ.App.) 35 S.W.(2d) 1066.

■ But while the dedication was irrevocable as to J. W. Taylor and his successors in title, McLennan county, as the organized representative of the public, was not compelled to accept the dedication as made by J. W. Taylor, and it could either refuse to accept same or abandon the property dedicated, if it saw fit to do so. Krause v. City of El Paso, 101 Tex. 211, 106 S.W. 121, 14 L.R.A. (N.S.) 582, 130 Am.St.Rep. 831; Fort Worth & D. S. P. Ry. Co. v. Judd (Tex.Civ.App.) 4 S.W. (2d) 1032, 1037; Gilder v. City of Brenham, 67 Tex. 345, 3 S.W. 309, 312; State v. Travis County, 85 Tex. 435, 21 S.W. 1029.

■ This controversy does not involve the rights of the purchasers who bought property in J. W. Taylor's addition with reference to the recorded plat. Their rights were separate and distinct from the rights of McLennan county and the general public, and could not be prejudiced by any abandonment or refusal to accept the dedication on the part of the county. Gilder v. City of Brenham and Fort Worth & D. S. P. Ry. Co. v. Judd, supra.

In the case of Gilder v. City of Brenham, the Supreme Court said: "We decide nothing in this case as to the right of Dwyer, and others who own lands adjacent to the disputed strip. These rights, if any, exist, are distinct from that of the city, and are not concluded by this judgment."

In Fort Worth & D. S. P. Ry. Co. v. Judd, the court said: "If lots had been sold with reference to the recorded plat, then, as against the purchasers of such lots, the dedication is irrevocable and it is not necessary to show acceptance by the local authorities."

■ The plat of the J. W. Taylor addition was filed for record with the county clerk of McLennan county on June 22, 1892. No action whatever was taken by McLennan county towards opening South Second street as shown on said ·plat until May of 1934. This alone would not be sufficient to show an abandonment of the dedication, but the evidence discloses further that, some 35 or 40 years prior to the time in question, a road was opened up across the J. W. Taylor addition which was known as South Second street. This road was located about 35 feet east of South Second street as shown on the plat filed by J. W. Taylor, and ran parallel to South Second street as shown on said plat entirely across the J. W. Taylor addition. This road was used generally by the public during said period of 35 or 40 years. The evidence does not disclose any formal dedication by any party of this strip as a road or street, but the user of it by the public for that length of time, we believe, was sufficient to establish a prescriptive right in said road. In the meantime, Mrs. J. W. Taylor, without objection from any one, had kept South Second street, as shown on the plat, under fence for a period of about 20 years, and same had never been used in any way by the public as a road or street.

We think these facts are sufficient to show an abandonment of any rights of the county in and to South Second street, as dedicated by J. W. Taylor, and a substitu-

tion of South Second street as actually used by the public therefor. In the case of State v. Travis County, 85 Tex. 435, 21 S.W. 1029, certain land had been dedicated by the state to Travis county as a site for a courthouse and jail. The county maintained a courthouse and jail on the site for a number of years and then abandoned the site, and erected a new courthouse and jail about three-fourths of a mile from the old courthouse site. It was held that this operated as an abandonment of the use of the property for the purpose to which it had been dedicated and that the land reverted to the state.

We recognize that there is a distinction between the dedication of land for the purpose of a courthouse and the dedication of land for a street or road, since there would be but one county courthouse in a county. However, we think the principles announced in this decision are applicable here, because there is no showing in this case of any necessity for two South Second streets, and ordinarily there would be no occasion to have two county roads, running parallel to each other, located only 35 feet apart. The fact that the road actually used by the public was designated as South Second street shows an intention not to locate South Second street as designated on the map filed by J. W. Taylor.

In 18 C.J. p. 123, § 159, it is said: "While prescription does not run against the right of the public to the use of land dedicated for such use, yet it may by abandonment relinquish its rights to the land dedicated."

██ In the case of Fitzgerald v. Saxton, 58 Ark. 494, 25 S.W. 499, 501, by the Supreme Court of Arkansas, the rule is announced as follows: "In all such cases as this, it is considered that the public, primarily, has a right in the original road, but the public, at the invitation or by the acquiescence of the owner of the land, may adopt a new route; and its use of the same for the statutory period, without objection on the part of the owner, will be considered a valid substitution of the new location for the old. Any other rule would leave the owner in the attitude of a violator of the law, when he has obstructed the old route in any way, for the public is entitled to the use of the one or the other."

██ We think the rule announced in the above case is applicable here. The use by the public of South Second street as actually laid out on the ground for a period of more than 35 years operated as a substitution of this route for South Second street as laid out in the dedication made on the plat filed by J. W. Taylor, and an abandonment of any rights which the public may have had in the property in controversy.

██ Having once abandoned South Second street as originally dedicated, the county was without authority to withdraw such abandonment at a later date and appropriate the property in question for highway purposes without a new dedication. Upon abandonment by the county of the land dedicated as South Second street on the plat, same reverted to appellee (18 C.J. p. 127, par. 166), and the trial court correctly held that she was entitled to recover damages for its appropriation by appellant.

For the reasons herein stated, the judgment of the trial court is affirmed.